IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:08-cv-143

PORTALES PLACE PROPERTY, LLC,

Plaintiff,

v.

MARIO GUESS a/k/a JERRY DEMARIO GUESS a/k/a J.D. GUESS a/k/a JERRY D. GUESS, LIGNA ACQUISITION GROUP, LLC, and THP ESCROW SERVICES CORP.,

Defendants.

<u>ORDER
FOR THE ARREST OF
MARIO GUESS a/k/a JERRY DEMARIO
GUESS a/k/a J.D. GUESS a/k/a
JERRY D. GUESS
FOR CRIMINAL CONTEMPT</u>

This order is issued pursuant to 18 U.S.C. § 401(3) and Rule 42(b) of the Federal Rules of Criminal Procedure. This Court, having reviewed and considered all matters of record, finds and declares as follows:

1. On April 28, 2008, this Court issued an order directing Guess to appear on April 30, 2008 at 2:00 p.m. to show cause as why the Court should not issue an order for his arrest pursuant to N.C. Gen. Stat. § 1-409 *et seq.* [Doc # 34] (the "Show Cause Order").

2. Counsel for Guess promptly notified Guess of entry of the Show Cause Order and of his obligation to appear before the Court as ordered. However, Guess failed to appear at the April 30, 2008 hearing as required by the Show Cause Order.

3. Under 18 U.S.C. § 401(3), this Court has the power to punish by fine or imprisonment, at its discretion, contempt of its authority including disobedience to its lawful writs, orders, rules, decrees or commands.

4. Rule 42(b) of the Federal Rules of Criminal Procedure authorizes the summary punishment of persons who commit criminal contempt in the presence of the Court. A failure to appear before the Court in response to a show cause order is a violation that occurs in the presence of the Court.

5. A person is subject to criminal contempt for violating a court order, when the person "willfully" and "with a wrongful state of mind violate[s] a decree which was definite, clear, specific and left no doubt or uncertainty in the minds of those to whom it as addressed." *United States v. McMahon*, 104 F.3d 638, 642 (1997) (*quoting Richmond Black Police Officers Ass'n v. City of Richmond, Virginia*, 548 F.2d 123, 129 (4th Cir. 1977)).

6. The Show Cause Order directing Guess to appear at the April 30, 2008 hearing was clear and specific in that it unambiguously commanded Guess to appear before the Court and show cause why he should not be arrested pursuant to North Carolina's Arrest and Bail statutes.

7. Guess's failure to appear was willful inasmuch as his counsel informed the Court at the April 30 hearing that they had advised Guess of his obligation to appear and that Guess had disregarded their instructions that he comply with the Show Cause Order.

8. Guess failed to appear with a "wrongful" state of mind. The record before the Court indicates that Guess has been engaged in a scheme to fraudulently obtain money from Plaintiff and other persons by false pretenses.

9. Guess has not made any attempt to contact the Court or to otherwise bring himself into compliance with the Show Cause Order. Quite the contrary, on May 2, 2008, the Court issued an order for the civil arrest pursuant to North Carolina's Arrest and Bail statutes. [Doc # 42] Since that time, the United States Marshals Service has advised the Court that Guess has taken steps to evade its efforts to enforce the civil arrest order.

10. Under these circumstances, the Court does not believe that imposition of a fine would effectively deter Guess's ongoing defiance of this Court's orders or deter such acts in the future. Instead, Guess should be imprisoned as punishment for his willful and wrongful actions that have placed him in criminal contempt of this Court.

It is therefore ORDERED and DECREED that Mario Guess a/k/a Jerry Demario Guess a/k/a J.D. Guess a/k/a Jerry D. Guess shall be arrested immediately by the United States Marshals Service and held in custody for _10_ days as punishment his willful and wrongful criminal contempt of this Court's orders and authority.

SO ORDERED.

Signed: May _9_, 2008

Graham C. Mullen
United States District Judge