IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV143

| | |
|---|---|
| PORTALES PLACE PROPERTY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARIO GUESS, et *al*., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

This matter is before the court upon Defendant THP Escrow Services Corporation's ("THP") Motion for Partial Judgment on the Pleadings as to Plaintiff's Fifth Claim for Relief pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Fifth Claim for Relief alleges violations of the North Carolina Racketeer Influenced and Corrupt Organizations Act ("RICO") against THP and all other Defendants.

Plaintiff commenced this action to recover damages it sustained when it "was duped into wiring $375,000.00 to defendant [THP] in reliance upon false promises that defendant Ligna Acquisition Group, LLC ("Ligna") would loan Plaintiff more than $42 million to refinance and provide additional funding for an ongoing real estate development project in Scottsdale, Arizona." (Verified Complaint, ¶ 1). After receiving the $375,000, THP allegedly distributed Plaintiff's money to or for the benefit of Defendant Mario Guess ("Guess") and Ligna without the knowledge or permission of the Plaintiff and in violation of THP's fiduciary duties to the Plaintiff.

Plaintiff's Verified Complaint includes claims for breach of contract, breach of fiduciary

duty, fraud, unfair and deceptive trade practices, RICO violations, civil conspiracy, and constructive trust. THP argues that the RICO Act cannot, as a matter of law, apply to the facts as pled in the Plaintiff's Complaint. THP's Rule 12(c) motion for judgment on the pleadings is subject to the same standards as a 12(b)(6) motion to dismiss for failure to state a claim. Burbach Broadcasting Co. v. Elins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accordingly, the court may only grant the motion if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations in the Complaint. Teachers Retirement System v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007).

The North Carolina RICO Act proscribes, in pertinent part, certain activities, deemed "racketeering activities," that "would be chargeable by indictment if such act or acts were accompanied by the necessary mens rea or criminal intent" under North Carolina's criminal laws. N.C.Gen.Stat. § 75D-3. While the RICO Act does provide for a private right of action, there are significant restrictions upon the right of a private party to bring a cause of action under RICO. One of those restrictions is that at least one act of racketeering activity be an act of racketeering activity *other than* an act that is indictable under the federal mail or wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. See N.C.Gen.Stat.§ 75D-8(c). In other words, in order for the Plaintiff to have a private right of action for an alleged RICO violation, the Plaintiff must plead a predicate act that is not indictable under wire or mail fraud statutes.

The wire fraud statute, 18 U.S.C. § 1343 provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Defendant THP argues that Plaintiff's allegations of the supposed scheme to defraud involved numerous transmissions by Internet, electronic mail, and that the funds it paid were paid by wire transfer. Accordingly, the offenses identified in the Complaint would certainly be acts that are indictable under either the mail or wire fraud statutes.

Plaintiff argues that the Defendants' subsequent illegal and surreptitious transfers of the ill-gotten funds, while indictable under various federal and state statutes, such as money laundering statutes, are not indictable as mail or wire fraud. A reading of Plaintiff's Complaint reveals that indeed it is possible that some of the alleged illegal transfers would not be indictable under the federal wire or mail fraud statute. Accordingly, judgment on the pleadings is not appropriate.

IT IS THEREFORE ORDERED that Defendant THP's Motion for Partial Judgment on the Pleadings is hereby DENIED.

Signed: January 15, 2009

Graham C. Mullen
United States District Judge