UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PORTALES PLACE PROPERTY, LLC, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> MARIO GUESS a/k/a/ JERRY ) <br> DEMARIO GUESS a/k/a J.D. GUESS ) <br> a/k/a JERRY D. GUESS, LIGNA ) <br> ACQUISITION GROUP, LLC and THP ) <br> ESCROW SERVICES CORP., ) <br> ) <br>     **Defendant.** ) <br> _____ ) | Case No. 3:08-CV-143 <br><br> **ORDER** |

THIS MATTER is before the court upon Plaintiff Portales Place Property, LLC's ("Plaintiff") Motion for Judgment against Garnishee Ballantyne Area Market Center, LLC d/b/a Keller Williams Realty ("Keller Williams") in the amount of $25,000. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff filed this action to recover damages it sustained when it wired $375,000 to Defendant THP Escrow Services Corporation ("THP") after Defendant Ligna Acquisition Group, LLC ("Ligna") falsely promised that it would loan Plaintiff more than $42 million for a real estate development project in Arizona. Ligna is controlled by Defendant Guess. On January 8, 2009, this court entered Default Judgment against Guess and Ligna in the amount of $1,125,000, plus costs and reasonable attorneys' fees.

On May 2, 2008, this court issued a Writ of Attachment over all property of Ligna and

Guess. In response to garnishment process and a subpoena issued in this case, First Charter Bank produced a copy of a canceled check which shows that THP transferred $25,000 of Plaintiff's funds as an earnest money deposit to Keller Williams. On June 16, 2008, this court issed an Order directing garnishment process be issued against and served upon Keller Williams with respect to the $25,000. Keller Williams admits in its Verified Answer to Summons to Garnishee that it received and retains the $25,000 pursuant to a real estate contract between purchaser WhiteBlue Holdings I, LLC ("WhiteBlue"), an entity controlled by Guess, and seller Albert Antonio. WhiteBlue/Guess did not go forward with the closing under the terms of the contract. Keller Williams argues that it and the seller are entitled to keep the $25,0000 escrow deposit as a forfeiture penalty against WhiteBlue/Guess for failing to purchase the seller's real property. The seller, Mr. Antonio, has moved to intervene in this action, arguing that pursuant to the Offer to Purchase and Contract he is entitled to the $25,000 held in escrow. The Plaintiff argues that it is entitled to a constructive trust on the $25,000 in Keller Williams' possession, as any breach of contract claim the seller or Keller Williams has against WhiteBlue/Guess must be subordinate to Plaintiff's right to trace and recover its own fraudulently obtained property.

## DISCUSSION

In its Complaint, Plaintiff sought, among other things, a "constructive trust in favor of plaintiff, in the amount of the $375,000 . . . wherever said funds are located . . .." (Compl. ¶¶ 87-89). A constructive trust "arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . . It is a 'fraud-rectifying' trust." *Tractor and Auto Supply Co., Inc. v.*

*Fayetteville Tractor and Equipment Co., Inc.*, 2 N.C. App. 531, 542-43, 163 S.E.2d 510, 517 (1968).

Plaintiff is entitled to trace its own money and reclaim it in the hands of any person who is not a bona fide purchaser for value because it is "endeavoring to get [its] own money back." *Id.* at 543, 163 S.E.2d at 517. "[A] bona fide purchaser is one who purchases legal title to property in good faith for valuable consideration, without notice of any other claim of interest in the property." *Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1329 (Fed. Cir. 2002). Plaintiff directly traced $25,000 of the $375,000 to the escrow account held by Keller Williams. Keller Williams does not qualify as a bona fide purchaser, as it does not have legal title to the $25,000. Indeed, Keller Williams merely holds the money in escrow. No property was exchanged for the funds. Moreover, the seller's claim to the funds is derivative of and no greater than that of Keller Williams.

Keller Williams argues that the Plaintiff is not entitled to a constructive trust because it did not assert a cause of action against Keller Williams for a constructive trust in the case. However, a constructive trust is a remedial device available to the court, not a cause of action that must be pled by a plaintiff. *See Weatherford v. Keenan*, 128 N.C.App. 178, 179, 493 S.E.2d 812, 813 (1997). Thus, it is inconsequential that the Plaintiff brought Keller Williams before this court through garnishment proceedings rather than through a complaint asserting a cause of action for constructive trust.

IT IS THEREFORE ORDERED that Seller's Motion to Intervene is Granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment is hereby GRANTED.

Signed: August 25, 2009

*[signature]*

Graham C. Mullen
United States District Judge